IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES G. HOWE, et a., | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 3:14-844-SMY-PMF |
| SALVADORE GODINEZ, et al., | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiffs' motion for a preliminary injunction (Doc. No. 32). Plaintiffs James Howe, Timothy Charles, Jacob Kallal, Tony Harden, Charles Bone, and George Needs filed this litigation under 42 U.S.C. § 1983, claiming that the conditions of their civil commitment at Big Muddy Correctional Center violate the Eighth and Fourteenth Amendments. In their motion, they raise concerns regarding recent behavior by Jessica Stover, a nonparty, a disciplinary matter, and a housing reassignment that separated plaintiff Howe from the other plaintiffs. The plaintiffs infer that Howe's current situation may amount to a deprivation of due process. The plaintiffs seek an order directing a remedy for the adverse housing situation, forbidding additional housing changes, arranging more frequent access to the legal library, and expunging a disciplinary ticket.

In order to establish that they are entitled to a preliminary injunction, the plaintiffs must show that they have some likelihood of success on the merits of their claims, that they do not have an adequate remedy at law, and that they will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn,

extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

The motion is defective due to lack of notice. Fed. R. Civ. P. 65(a)(1). The motion is not accompanied by a certificate of service and notice was not provided to the defendants through the Court's electronic case management system because the defendants have not yet entered an appearance. Furthermore, the focus of the motion is on recent events that are not at issue in this litigation. The plaintiffs have not demonstrated that any of their underlying claims are likely to succeed on the merits. They have an adequate remedy at law with respect to their new concerns. If they are dissatisfied with recent events, they can request an administrative remedy. If that step is not successful, they can appeal to the Administrative Review Board. The plaintiffs will not suffer irreparable harm if injunctive relief is not granted. They face no litigation deadlines. They have been informed of the risks of group litigation and the option to sever their claims into individual actions (Doc. No. 5).

IT IS RECOMMENDED that the motion for a preliminary injunction (Doc. No. 32) be DENIED.

SUBMITTED: October 28, 2014.

                                          s/Philip M. Frazier
                                          **PHILIP M. FRAZIER**
                                          **UNITED STATES MAGISTRATE JUDGE**