IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HOWE, GEORGE NEEDS, TIMOTHY, CHARLES, JACOB KALLAL,  )<br>)<br>)<br>Plaintiffs,  )<br>)<br>- vs-  )<br>)<br>DR. THOMAS HOLT, et. al.,  )<br>)<br>)<br>Defendants.  ) | No. 14-844-SMY |

**DEFENDANTS' MOTION TO STAY COMPLIANCE WITH THE
COURT'S SEPTEMBER 6, 2021 MEMORANDUM AND ORDER (Doc. 285)**

NOW COME Defendants, ROB JEFFREYS,[1] GREG MORGENTHALER,[2] and HEATHER WRIGHT,[3] (sued in their official capacities only as IDOC Officials), by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and respectfully move for a stay of the Court's September 6, 2021 injunction order and September 7, 2021 judgment order, (Doc. 285) pursuant to Federal Rule of Civil Procedure 62(c). Defendants seek to stay each of the injunctive orders by the Court requiring various actions by the Defendants. In support of this motion, Defendants state as follows:

   1.   On October 24-25, 2018, the Court held a bench trial in the above case. (Docs. 260, 261).

---

[1] Pursuant to the Court's Memorandum and Order Following Bench Trial, Rob Jeffreys, as John Baldwin's successor, is substituted as a party defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. (Doc. 285).
[2] Pursuant to the Court's Memorandum and Order Following Bench Trial, Greg Morgenthaler, as Jason Garnett's successor, is substituted as a party defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. (Doc. 285).
[3] Pursuant to the Court's Memorandum and Order Following Bench Trial, Heather Wright, as Dr. Thomas Holt's successor, is substituted as a party defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. )Doc. 285).

2. During this two-day trial, information elicited from a number of witnesses each of which relied on circumstances and instances that occurred prior to trial, more than three years ago.

3. On September 6, 2021, the Court entered a Memorandum and Order Following Bench Trial, which granted Plaintiffs James Howe, Jacob Kallal, and George Needs' request for permanent injunction relating to Counts I and II in their complaint.

4. This permanent injunctive relief is broad and has presented significant challenges on the part of the Defendants, specifically within the minimal time ordered by the Court.[4]

5. Specifically, these challenges present compelling staffing and fiscal difficulties on the part of the Defendants.

6. To be in compliance with this injunctive relief, the Illinois Department of Corrections would need to hire additional staff immediately to comply with the relief as ordered by the Court, which given the requirements in licensure for treatment providers under the Sexually Dangerous Persons Act, is likely impossible.

7. Even if the Defendants could locate mental health professionals in 30 days time to alleviate staff concerns and to comport with the Court's order, some of these individuals may not yet be licensed under the Sex Offender Evaluation and Treatment Provider Act, in violation of the statute. 725 ILCS 205/8.

8. Clearly, 30 days is not enough time to comport with the Court's order, as it would necessitate the Illinois Department of Corrections to either ignore the Court's order or ignore specific portions of the statute that directly pertain to the act by rushing in mental health professionals that may not have the correct licensures.

---

[4] Each of the orders for injunctive relief contain a portion that must be satisfied within 30 days. (Doc. 285, p. 27).

9. Further, Defendants do not believe that Plaintiff is entitled to the relief requested or ordered, as the Court relies on stale and outdated information, and the injunctive relief ordered goes far beyond what the Prison Litigation Reform Act allows.

10. As such, the Defendants have filed a Motion to Amend Judgment and supporting Memorandum of Law, detailing the above arguments further, along with additional information and argument regarding the Court's Memorandum and Order.

11. The Court should stay compliance with the injunctive relief until there has been a ruling on Defendants' Motion to Amend, pursuant to Federal Rule of Civil Procedure 59, before the Defendants are made to comply with the Court's Memorandum and Order.

12. Staying compliance with these injunctive orders until the Court rules will ensure that the Illinois Department of Corrections and the State of Illinois do not expend significant funds unnecessarily.

13. Further, after review of the Defendants' Motion, the Court may no longer require the Defendants to comply with the prior injunctive orders, and therefore the Defendants request the Court to stay their compliance with these orders until it has ruled on the Motion.

14. In the alternative, if the Court denies this request for a stay, Defendants respectfully request the Court grant them additional time to comply with this Court's order, as locating additional treatment providers and evaluators that are appropriate under the Sexually Dangerous Persons Act is a substantial task that require more than a 30-day deadline to complete adequately.

---

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request that this Honorable Court grant Defendants' Motion to Stay Compliance until the Court has ruled on Defendants' Motion to Amend Judgment.

Respectfully Submitted,

ROB JEFFREYS, GREG MORGENTHALER, and HEATHER WRIGHT,

Defendants,

KWAME RAOUL, Attorney General, State of Illinois,

Attorney for Defendants,

By: /s/Maria D. Gray
Maria D. Gray #6323981
Assistant Attorney General

Maria D. Gray #6323981
Assistant Attorney General
500 South Second Street
Springfield, Illinois 62701
(217) 782-2077 Phone
(217) 524-5091 Fax
E-mail: Maria.gray@ilag.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HOWE, GEORGE NEEDS, TIMOTHY, CHARLES, JACOB KALLAL, <br><br> Plaintiffs, <br><br> - vs- <br><br> DR. THOMAS HOLT, et. al., <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 14-844-SMY ) ) ) ) ) |

### CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2021, I electronically filed the foregoing *Defendants' Motion to Stay Compliance with the Court's September 6, 2021 Memorandum and Order* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

    John Stobbs II        jds2@stobbslaw.com
    John D. Simmons    jsimmons@simmonsfirm.com
    Gary L. Payne       gpayne@simmonsfirm.com

and I hereby certify that on October 30, 2020 I caused a copy of the document to be mailed by

United States Postal Service to the following non-registered participant:

                          NONE

                          Respectfully Submitted,

                          <u>s/Maria D. Gray</u>
                          Maria D. Gray #6323981
                          Assistant Attorney General
                          500 South Second Street
                          Springfield, Illinois 62706
                          Phone: (217) 782-5819
                          Fax: (217) 524-5091
                          E-Mail: Maria.gray@ilag.gov