**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JAMES G. HOWE, et. al, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-00844-SMY-RJD |
| | ) |
| DR. THOMAS HOLT, et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY**

Come now Plaintiffs, by their attorneys, and in response to Defendants' Motion to Stay state:

1. Defendants posit that this Honorable Court's well-reasoned September 6, 2021 Memorandum & Order (Doc. 285) is so burdensome that they cannot timely comply with it because to do so would present compelling staffing and fiscal difficulties. Alternatively, Defendants are so confident in how this Honorable Court will rule on their Post-Trial Motion that they feel a stay is warranted. Defendants are wrong and this Honorable Court should ***not*** stay its Orders and should require Defendants to comply with all terms of said Orders.

2. Defendants bring their Motion to Stay under Federal Rule of Civil Procedure 62(c) which states:

> "RULE 62 STAY OF PROCEEDINGS TO ENFORCE A JUDGMENT
> (c) **Stay of an Injunction, Receivership, or Patent Accounting Order**. Unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
> > (1) an interlocutory or final judgment in an action for an injunction or receivership; or
> > (2) a judgment or order that directs an accounting in an action for patent infringement."

3. Plaintiffs fail to see how Federal Rule of Civil Procedure 62(c) applies to this Honorable Court's Order. Some sort of case citation would have been helpful.

1

4. Not only have Defendants failed to cite one single case supporting their request, but just as with their Post-Trial Motion, have not attached an affidavit from anyone which would support the facts laid out in their request to stay the proceedings.

5. Plaintiffs were disappointed that this Honorable Court's Orders did not go further regarding consequences of Defendants' failure to adhere to the requirements of the Order. Plaintiffs hoped that compliance failure would result in incarceration by a State official involved with compliance as opposed to fines.

6. Unfortunately, Defendants' Post-Trial Motion and Motion to Stay are the first evidence that Defendants will use the "*Rasho v. Jeffreys*" playbook where they plod along, not abide by Court Orders, and do whatever is necessary to delay proper treatment to Plaintiffs. It seems obvious with their Post-Trial Motion and this Motion to Stay that Defendants are headed down the same path of delay and denial in this case, as they tried to do in *Rasho v. Jeffreys*, No. 07-1298, WL 1602093 (C.D.Ill. April 23, 2021) and the Court should stop them in their tracks by denying their Motion to Stay.

7. In their Post-Trial Motion, Defendants request a Hearing so they can show this Honorable Court the massive improvements that have been made to the Sexually Dangerous Person's program, yet in their Motion to Stay ask for additional time to comply with an Order which is straightforward. If the improvements Defendants claim to have been made, in fact have been made, complying with this Honorable Court's Orders should not be burdensome at all.

8. The arguments made in Defendants' Post-Trial Motion are not well-taken. Hopefully, this Honorable Court will deny the Post-Trial Motion, which means Defendants will have to comply with this Honorable Court's Orders.

9. Protecting a citizen's Constitutional rights is always a burden, morally, legally and financially. From Plaintiffs' perspective, Defendants have had decades where the chronic understaffing and lack of real treatment have allowed them to save vast sums of money. Now, the money that Defendants saved is going to have to be spent, and spent immediately, so that Plaintiffs' Constitutional rights can be protected once and for all.

10. Defendants have had **7 years** since this case was filed and **3 years** since a bench trial took place to think about proper staffing. Were they so sure that they would prevail at the bench trial that they never envisioned corrective measures, as laid out by Dr. Cauley, would have to be taken? Maybe Big Muddy can "borrow" staff on a temporary basis from Rushville where their program runs smoothly, efficiently, and most importantly, Constitutionally.

11. Like all bureaucracies, the State of Illinois has hiring policies and Defendants have now had over a month start the process of hiring additional staff to follow the Court's orders and protect Plaintiffs' Constitutional rights. Since no affidavit was attached to Defendants' Motion to Stay, this Honorable Court has no way of knowing whether or not progress has been made in staffing the program. As such, this is not a viable reason to stay proceedings.

12. At the status conference held on February 24, 2021, this Honorable Court indicated to the parties that it was close to issue a ruling. Certainly, at that time Defendants were put on notice that perhaps this Honorable Court would enter the Orders that were entered.

13. If a stay is granted until this Honorable Court rules on Defendants' Post-Trial Motion, per the Defendants' "*Rasho v. Jeffreys*" playbook, they will then request a stay until the matter has been appealed. Ultimately, a stay rewards Defendants because one stay after another would allow about a decade to have passed since Plaintiffs filed their cause of action, which simply is not fair to Plaintiffs.

14. Complying with Court Orders and injunctions is like pulling a thorn out of one's foot. The pain can either be quick or slow. Regardless, there will be pain. Defendants simply need to comply with this Honorable Court's Orders immediately to prevent the very slow pain of constant contempt proceedings for their failure to abide by this Honorable Court's Orders.

WHEREFORE, Plaintiffs request this Honorable Court deny Defendants' request to stay the proceedings and require Defendants to immediately comply with this Honorable Court's September 6, 2021 Orders.

JAMES HOWE et al.

| | |
|---|---|
| SIMMONS HANLY CONROY | STOBBS LAW OFFICES |
| BY: | BY: |
| /s/John D. Simmons (By:JDSII) | /s/John D. Stobbs II |
| John D. Simmons | John D. Stobbs II, No. 06206358 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |
| One Court Street | 307 Henry St. Suite 211 |
| Alton, Illinois 62002 | Alton, Illinois 62002 |
| Telephone: (618)259-2222 | Telephone: (618)462-8484 |
| FAX: (618)259-2251 | FAX: (618)462-8585 |
| Email: jsimmons@simmonsfirm.com | Email: jds2@stobbslaw.com |

/s/Gary L. Payne (By:JDSII)
Attorney for Plaintiffs
Telephone: (618)259-2222
FAX: (618)259-2251
Email: gpayne@simmonsfirm.com

## CERTIFICATE OF SERVICE

    I hereby certify that on October 18, 2021, a copy of the attached *Plaintiffs' Response to Defendants' Motion to Stay* was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Maria D. Gray  
Office of the Attorney General-Springfield  
500 South Second Street  
Springfield, Illinois 62701

    STOBBS LAW OFFICES

    /s/ John D. Stobbs II  
    307 Henry St. Suite 211  
    Alton, Illinois 62002