**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JAMES G. HOWE,** | ) | |
| **TIMOTHY CHARLES,** | ) | |
| **JACOB KALLAL, and** | ) | |
| **GEORGE NEEDS,** | ) | |
| | ) | **Case No. 14-cv-844-SMY** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **SALVADORE GODINEZ, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs, civil detainees classified as "sexually dangerous persons" under the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/0.1, *et seq,* filed the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendants are violating their constitutional rights.  Following a bench trial, the Court ordered the following permanent injunctive relief on September 6, 2021:

1. Beginning **no later than 30 days** from the entry of this Order, Plaintiffs shall receive a minimum of 7.5 hours of core group therapy per week – each core group therapy session shall last no less than 90 minutes;

2. All offense specific and didactic groups that are currently suspended shall be reinstated and permanently maintained beginning **no later than 30 days** from the entry of this Order;

3. **Within 6 months** from the entry of this Order, recovery/release evaluations shall be conducted of the plaintiffs herein by independent psychologists or psychiatrists (not employed by IDOC or Wexford).  **No later than 30 days** from the entry of this Order, Defendants shall provide Plaintiffs and the Court with a list of proposed independent psychologists/psychiatrists to conduct said evaluations.  Plaintiffs shall file any objections to the proposed providers within 30 days thereafter.

(Doc. 286).  Defendants were also ordered to file a status report regarding their compliance by November 6, 2021.  *Id.*

On October 4, 2021, two days before the deadlines established in the Injunctive Order, Defendants filed a motion under Federal Rule of Civil Procedure 62(c) requesting to stay enforcement of the Order (Doc. 291). Specifically, Defendants seek a stay until the Court rules on their Motion to Amend Judgment (Doc. 291), which was filed contemporaneously with the motion to stay. Plaintiffs oppose both motions (Docs. 292 and 293).

Rule 62(c) authorizes a court to suspend modify, restore, or grant an injunction during the pendency of an appeal over an injunction (or the denial of one). Fed. R. Civ. P. 62(c); 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed. 2015). Whether to grant relief under Rule 62(c) is discretionary. Fed. R. Civ. P. 62(c). Such a stay is considered "extraordinary relief" for which the moving party bears a "heavy burden." *Winston–Salem/Forsyth County Board of Education v. Scott,* 404 U.S. 1221, 1231 (1971) (Burger, C.J., in chambers) (denying stay of school desegregation order).

As an initial matter, Defendants' motion is premature as no notice of appeal has been filed; Rule 62(c) is not properly invoked until "an appeal is pending." Fed.R.Civ.P. 62(c). Defendants cite no authority to support a stay during the pendency of post-trial briefing. That said, even if Rule 62(c) provided a mechanism for a stay before an appeal is filed, Defendants have failed to meet their heavy burden for such extraordinary relief.

Defendants point to "present compelling staffing and fiscal difficulties on the part of the Defendants" and their motion is replete with complaints regarding how difficult *it would be* to comply with the Injunctive Order. However, Defendants provide no affidavits or other evidence supporting their assertions. Nor have they provided any evidence of efforts made (if any) to comply with the Order. Accordingly, the motion is **DENIED**.

Further, as it is clear from Defendants' motion to stay and recent status report (Doc. 295) that Defendants are not in compliance with the Injunctive Order. Accordingly, Defendants are

**ORDERED** to show cause by November 30, 2021 why they should not be held in contempt of court.

**IT IS SO ORDERED.**

**DATED:  November 16, 2021**

**STACI M. YANDLE**
**United States District Judge**