IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES G. HOWE, <br> TIMOTHY CHARLES, <br> JACOB KALLAL, and <br> GEORGE NEEDS, <br>      Plaintiffs, <br><br> vs. <br><br> SALVADORE GODINEZ, et al., <br><br>      Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-844-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs, civil detainees classified as "sexually dangerous persons" under the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/0.1, *et seq,* filed the instant action pursuant to 42 U.S.C. § 1983, alleging that Defendants are violating their constitutional rights. Following a bench trial, the Court ordered the following permanent injunctive relief on September 6, 2021:

1. Beginning **no later than 30 days** from the entry of this Order, Plaintiffs shall receive a minimum of 7.5 hours of core group therapy per week – each core group therapy session shall last no less than 90 minutes;

2. All offense specific and didactic groups that are currently suspended shall be reinstated and permanently maintained beginning **no later than 30 days** from the entry of this Order;

3. **Within 6 months** from the entry of this Order, recovery/release evaluations shall be conducted of the plaintiffs herein by independent psychologists or psychiatrists (not employed by IDOC or Wexford). **No later than 30 days** from the entry of this Order, Defendants shall provide Plaintiffs and the Court with a list of proposed independent psychologists/psychiatrists to conduct said evaluations. Plaintiffs shall file any objections to the proposed providers within 30 days thereafter.

(Doc. 286).

In October 2021, Defendants filed a motion to amend the judgment (Doc. 289) and a motion under Federal Rule of Civil Procedure 62(c) requesting to stay enforcement of the Order (Doc. 291); both motions were denied (Docs. 296, 300). Defendants filed a Notice of Appeal on March 7, 2022 (Doc. 302).

Defendants' Motion to Stay Compliance with the Court's September 6, 2021, Order and Permanent Injunction Order (Doc. 310) is now before the Court. Plaintiffs filed a Response in opposition to the motion (Doc. 311).[1] For the following reasons, the motion is **DENIED**.

## Discussion

Rule 62(c) authorizes a court to suspend modify, restore, or grant an injunction during the pendency of an appeal over an injunction (or the denial of one). Fed. R. Civ. P. 62(c); 11 Fed. Prac. & Proc. Civ. § 2904 (3d ed. 2015). A stay under such circumstances is "extraordinary relief" for which the moving party bears a "heavy burden." *Winston–Salem/Forsyth County Board of Education v. Scott,* 404 U.S. 1221, 1231 (1971) (Burger, C.J., in chambers) (denying stay of school desegregation order). In deciding whether to grant a motion to stay pending appeal, the Court considers: (1) "whether the stay applicant has made a strong showing that he is likely to succeed on the merits" on appeal; (2) "whether the applicant will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, Defendants raise the same arguments made and rejected in their post-trial motions and previous motion to stay – that this Court should stay compliance with the Injunctive Order

---

[1] As there are no material factual disputes to be resolved, and given the parties detailed written submissions and exhibits, a hearing on the instant motion is unnecessary. Accordingly, Plaintiffs' Motion for Hearing (Doc. 314) is **DENIED**.

due to the likelihood of success on the merits at the appellate level regarding injunctive relief under the PLRA, the irreparable harm to Defendants, and ongoing staffing issues.

In the Rule 62(c) context, whether the movant can demonstrate a likelihood of success on the merits and irreparable harm is a threshold issue. *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir. 1997) ("If the movant can make these threshold showings, the court then moves on to balance the relative harms considering all four factors using a 'sliding scale' approach."). To satisfy the first factor, a movant must "demonstrate a substantial showing of likelihood of success, not merely the possibility of success." *Id.* At 1301. Moreover, because a movant's arguments have likely been previously evaluated by the court, the movant "must make a stronger threshold showing of likelihood of success to meet its burden" *Id.*

Defendants have not met their threshold burden. Their main argument is that the Court exceeded its authority by crafting an injunction that runs afoul of the Prison Litigation Reform Act ("PLRA"). The Court disagrees. Recognizing that injunctive measures ordered against a state agency or official must be no broader than necessary to remedy a constitutional violation, the Court limited application of its Order to the named individual Plaintiffs and tailored the injunctive relief to remedy the specific constitutional deprivations established by the evidence: requiring Defendants to provide Plaintiffs with hours of treatment consistent with the generally accepted standards for sex offender treatment; and to provide Plaintiffs' release evaluations to be conducted by independent psychologists or psychiatrists. Thus, the Permanent Injunction issued does not run afoul of the PLRA.

Defendants also maintain that, to the extent the Injunctive Order prohibits recovery evaluations from being conducted by Wexford contractors, compliance would cause irreparable harm to Defendants and the Illinois Department of Corrections ("IDOC") because IDOC

contracts with Wexford to provide healthcare to individuals housed in IDOC facilities, and it would be burdensome for IDOC to pay for new evaluators while also paying Wexford for their services. But this is speculative harm, unsupported by evidence.

Finally, Defendants argue that a stay would not substantially harm Plaintiffs as "treatment is ongoing". However, according to the affidavits submitted by Defendants, no SDP groups were held from March 2020 to sometime in Fall 2021 or from December 2021 to March 2022. And while SDP groups resumed in March 2022, numerous groups have been cancelled and not rescheduled. Defendants blame staffing issues for the lack of consistent treatment and contend that they are doing their best to ensure that staffing levels increase. These excuses simply don't cut it. Defendants cannot fulfill the requirement to treat Plaintiffs for the disorders that led to their confinement with the cessation of essential programs and subpar hours of group therapy.

## Conclusion

Defendants have failed to meet their threshold burden of showing a likelihood of success nor that it will suffer irreparable harm. Accordingly, the motion to stay compliance is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  June 7, 2022**

**STACI M. YANDLE**
**United States District Judge**