IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES G. HOWE, <br> TIMOTHY CHARLES, <br> JACOB KALLAL, and <br> GEORGE NEEDS, <br>           Plaintiffs, <br><br> vs. <br><br> LATOYA HUGHES, et al., <br>           Defendants. | ) <br> ) <br> ) <br> ) <br> )   Case No. 14-cv-844-SMY <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiffs, civil detainees classified as "sexually dangerous persons" under the Sexually Dangerous Persons Act ("SDPA"), 725 ILCS 205/0.1, *et seq.*, confined at Big Muddy Correctional Center ("Big Muddy"), filed the instant action pursuant to 42 U.S.C. § 1983 alleging that the treatment program at Big Muddy violates their constitutional rights by failing to provide adequate treatment. This matter is now before the Court on Plaintiffs' Motion for Reimbursement, seeking reimbursement in the amount of $8,200.00 for the preparation of Dr. Dean Cauley's court-ordered supplemental report (Doc. 339).

The Court conducted a bench trial in October 2018, during which Dr. Cauley testified as an expert witness on behalf of the plaintiffs (Defendants did not utilize an expert). Relying in part on Dr. Cauley's findings and opinions, this Court found that Big Muddy's treatment program fell below professional standards and violated Plaintiff's constitutional rights. Consequently, the Court issued a permanent injunction requiring Defendants to remedy the constitutional deficiencies. Defendants appealed the Court's order and injunction to the Seventh Circuit Court of Appeals.

On appeal, the Seventh Circuit held that the injunction was overbroad under the Prison Litigation Reform Act, 18 U.S.C. § 3626(a)(1)(A) ("PLRA") and remanded the case directing this Court to craft a new injunction consistent with the PLRA.  The Seventh Circuit advised that this Court "remain[ed] free to employ the resources at its disposal to develop a strong evidentiary foundation for its forthcoming injunction."  *Howe v. Hughes*, 74 F.4th 849, 585 (7th Cir. 2023).

On remand, and consistent with the Seventh Circuit's directives, the Court ordered the parties to supplement the evidentiary record.  The Court also requested Dr. Cauley to provide a supplemental report to update his findings and opinions based upon the additional information provided by the parties.  *See* Doc. 333.  Dr. Cauley's supplemental report, like his original report, is essential to this Court fashioning an injunction consistent with the Seventh Circuit's directives.

Under Section 2.15 of the Plan for the Administration of the District Court Fund (November 2023), the Court may utilize funds that will benefit the bench and the bar in the administration of justice.  Plaintiffs are indigent civil detainees with recruited counsel.  Given Plaintiffs' indigent status, the directives of the Seventh Circuit, and the importance of Dr. Cauley's supplemental report to the efficient adjudication of this case, the Court finds that the cost of the supplemental report should not be Plaintiffs' burden.

Accordingly, Plaintiff's motion is **GRANTED**.  Plaintiffs shall be reimbursed $8,200 for the costs of Dr. Cauley's supplemental report from the District Court Fund under paragraph 2.15 of the Plan for the Administration of the District Court Fund (available at https://www.ilsd.uscourts.gov//DistrictCourtPlans.aspx).

IT IS SO ORDERED.

DATED:  February 13, 2024

**STACI M. YANDLE**
**United States District Judge**